# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BOWCON COMPANY, INC, <br> a California Corporation <br><br> Plaintiff, <br><br> v. <br><br> ISMAIL MOHAMMED, individually, <br> AXIS CAR WASH, LLC, an Illinois <br> limited liability company; AXIS AUTO <br> SPA & PATEL TRADING, INC., an <br> Illinois Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 19-cv-7835 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, BOWCON COMPANY, INC., a California Corporation, by and through its attorneys, DONNELLY LAW LLC, complaining of Defendants ISMAIL MOHAMMED, AXIS CAR WASH LLC, and AXIS AUTO SPA & PATEL TRADING, states as follows:

## NATURE OF THE ACTION

1. This is an action for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1964, premised upon predicated acts including wire fraud, mail fraud, and money laundering.

## PARTIES

2. Plaintiff, BOWCON COMPANY, INC. ("BOWCON") is a California Corporation with its principal place of business in California. It is a citizen of the State of California. At all times relevant, Plaintiff BOWCON has engaged in the business of General Contracting and construction work.

1

3. Defendant, ISMAIL MOHAMMED ("MOHAMMED") is an individual who resides as 2956 Shamrock Circle, Elgin, Illinois. Defendant MOHAMMED is a citizen of the State of Illinois.

4. Defendant, AXIS CAR WASH LLC ("AXIS CAR WASH") is an Illinois limited liability company with its principal place of business in Illinois. Upon information and belief, ISMAIL MOHAMMED (a citizen of the State of Illinois) is the sole member of AXIS CAR WASH LLC. Defendant AXIS CAR WASH LLC is therefore a citizen of the State of Illinois.

5. Defendant, AXIS AUTO SPA & PATEL TRADING, INC. ("AXIS AUTO SPA") is a dissolved Illinois Corporation with its principal place of business in Illinois. Defendant AXIS AUTO SPA & PATEL TRADING, INC is therefore a citizen of the State of Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 18 U.S.C. §1964 and 28 U.S.C. §1332 as it involves a federal question.

7. Venue is proper in this District pursuant to 28 U.S.C. §1965 and 28 U.S.C § 1391(b) as the events giving rise to the Plaintiff's claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff BOWCON is an enterprise as defined by 18 U.S.C. §1961(4).

9. Defendant MOHAMMED made initial contact with Plaintiff BOWCON via a business broker in the summer of 2018 expressing interest in purchasing Plaintiff's business.

10. In approximately August of 2018, Defendant MOHAMMED told Dennis Bowman and Kelli Bowman that he intended to purchase all of the stock in Plaintiff BOWCON.

11. That statement was untrue and was known by Defendant MOHAMMED to be untrue at the time that he made the statement because he never had any intention to complete the stock purchase.

12. Instead of completing the stock purchase, upon information and belief, Defendant MOHAMMED intended to gather sensitive information concerning Plaintiff BOWCON during the due diligence process to make it possible to use such information to enrich himself and other companies that he owned or controlled.

13. In furtherance of Defendant MOHAMMED's intent and scheme to defraud Plaintiff BOWCON, on October 15, 2018, Dennis Bowman and Kelli Bowman, the two shareholders of Plaintiff on the one hand and Defendant MOHAMMED on the other hand executed a Stock Purchase Agreement whereunder Defendant MOHAMMED purportedly agreed to purchase all of the stock in the Plaintiff BOWCON (the "SPA"). The SPA is was dated September 5, 2018 but not signed until October 15, 2018. (A copy of the SPA is attached hereto and incorporated herein as **Exhibit A**.)

14. In furtherance of the sham SPA and as a further inducement to Plaintiff BOWCON, Defendant MOHAMMED paid $10,000 as a deposit of the purchase price to be held in escrow by the attorney for Plaintiff BOWCON. (A copy of the deposit check is attached hereto and incorporated herein as **Exhibit B**.)

15. Subsequent to the execution of the sham SPA, as part of the standard and customary due diligence disclosure process between the parties, Defendant MOHAMMED received disclosures of various financial information of Plaintiff BOWCON relevant to the prospective purchase. Such information included various accounting records, FEIN numbers, bank records, and financial institution information.

16. On October 24, 2018, and in furtherance of his scam, Defendant MOHAMMED prepared and signed a fraudulent Statement of Information form provided by the California Secretary of State (the "SOI"). This SOI is fraudulent because no transfer of stock had occurred between Plaintiff BOWCON and Defendant MOHAMMED, nor was Defendant MOHAMMED ever named President or authorized to hold himself out as President. (A copy of the fraudulent Statement of Information form is attached hereto and incorporated herein as **Exhibit C**.)

17. Upon information and belief, Defendant MOHAMMED transmitted this form to the California Secretary of State utilizing the U.S. Mail or wire services in violation of 18 U.S.C. 1341.

18. On or about October 29, 2018, the California Secretary of State accepted the filing of the fraudulent SOI. (See Exhibit C)

19. The SOI fraudulently identifies Defendant MOHAMMED as Chief Executive Officer, President, Director, and Registered Agent of Plaintiff BOWCON, a representation that was untrue and fraudulent. (See Exhibit C)

20. The fraudulent SOI further identifies the mailing address of Plaintiff BOWCON as 550 W. Washington, Suite 201, Chicago, IL, a representation that is untrue and fraudulent.

21. Upon information and belief, the address at 550 W Washington, Suite 201, Chicago, IL is an office address controlled by Defendant MOHAMMED or an entity under his direct control.

22. The SOI further identifies the type of business of the corporation as "Real Estate" – another untrue and fraudulent representation.

23. On or about October 30, 2018, Defendant MOHAMMED caused Articles of Incorporation of a General Stock Corporation to be filed with the California Secretary of State for

4

a company known as "JP BOWNCON, INC." (A copy of the Articles of Incorporation is attached hereto and incorporated herein as **Exhibit D**.)

24. Upon information and belief, JP BOWNCON is a sham corporation established by Defendant MOHAMMED for the purpose of money laundering in violation of 18 U.S.C. 1956.

25. JP BOWNCON is identified with a street address of 301 Enterprise St, Escondito, CA and a mailing address of 550 W. Washington St., Suite 201, Chicago, IL 60606. These are the same physical street address and mailing address as set forth in the fraudulent Statement of Information filed by Defendant Mohammed. (See Exhibit C and Exhibit D.)

26. The parties to the sham SPA, and at the request of and for the benefit of Defendant MOHAMMED, subsequently drafted a First Amendment to the SPA dated December 4, 2018 ("First Amended SPA"). The First Amended SPA was never signed.

27. The parties to the sham SPA, and again at the request of and for the benefit of Defendant MOHAMMED, subsequently drafted a Second Amendment to the SPA dated December 17, 2018 which was signed by Defendant MOHAMMED ("Second Amended SPA"). (A copy of the Second Amended SPA is attached hereto and incorporated herein as **Exhibit E**.)

28. Given that these agreements were requested by Defendant MOHAMMED *after* he had already filed the fraudulent Statement of Information with the California Secretary of State, it is apparent that these amendments were intended, at least in part, to serve the purpose of continuing to divert attention way from his execution of the scheme so as to delay or prevent its eventual discovery.

29. On December 26, 2019, Defendant MOHAMMED delivered a check for $490,000 to Plaintiff BOWCON which purportedly represented as a second deposit of the purchase money agreed to for the SPA transaction (the "Second Deposit Check"). The check was drawn on the

5

account of "Patel Engineering Ltd." which, upon information and belief, is another entity controlled by Defendant MOHAMMED in the State of Ohio. (A copy of the Second Deposit Check is attached hereto as **Exhibit F**.)

**The Kalamata transaction**

30. On or about December 20, 2018 (while the sham stock sale was still pending), and utilizing the fraudulent representation that Defendant MOHAMMED was the President/CEO of Plaintiff BOWCON when he in fact was not, Defendant MOHAMMED entered into an agreement wherein he sold the accounts receivable of Plaintiff BOWCON to Kalamata Capital Group ("Kalamata"). Plaintiff BOWCON has not yet obtained a copy of the agreement between Kalamata and MOHAMMED wherein the accounts receivable were sold.

31. In connection with the sale of Plaintiff BOWCON's accounts receivable to Kalamata on or about December 20, 2018, Defendant MOHAMMED executed an Affidavit of Confession of Judgment, apparently as security for the underlying agreement between Defendant Mohammed and Kalamata. (A copy of the Affidavit of Confession of Judgment is attached hereto and incorporated herein as **Exhibit G.**)

32. The Kalamata Affidavit of Confession of Judgment also states that Defendant MOHAMMED entered into the agreement on behalf of and for the benefit of other entities that he also owns, namely Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC.

33. Upon information and belief, on or about December 20, 2018, Defendant MOHAMMED executed and transmitted the signed fraudulent Affidavit to Kalamata from California to New York via the wire services in violation of 18 U.S.C 1343.

34. According to the December 20, 2018 Affidavit, Kalamata purchased the accounts receivable of Plaintiff BOWCON in exchange for a cash payment of $268,000. (See Exhibit G)

35. The Affidavit further describes that Plaintiff BOWCON was to make monthly payments to Kalamata in the amount of $8,934.00. (See Exhibit G.) These payments by BOWCON were also intended to benefit Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC.

36. On or about December 24, 2018, and in furtherance of the fraudulent transaction, Kalamata transferred to Plaintiff BOWCON the amount of $195,000 via wire transfer.

**The Biz Fund transaction**

37. On or about December 19, 2018 (while the sham stock sale was still pending), and utilizing the fraudulent representation that Defendant MOHAMMED was the President/CEO of Plaintiff BOWCON when he in fact was not, Defendant MOHAMMED entered into an agreement wherein he sold the accounts receivable of Plaintiff BOWCON to Biz Fund LLC ("Biz Fund"). Plaintiff BOWCON has not yet obtained a copy of the agreement between BizFund and MOHAMMED wherein the accounts receivable were sold.

38. Upon information and belief, in connection with the sale of Plaintiff BOWCON's accounts receivable to Biz Fund, Defendant MOHAMMED permitted the recording of a UCC-1 Financing Statement to be filed evidencing the existence of the agreement. Eventually, the UCC-1 filing was terminated (See **Exhibit H**.)

39. On or about December 21, 2018, and in furtherance of the transaction, Biz Fund transferred to Plaintiff BOWCON the amount of $90,000 via wire transfer.

**The Funderz Net LLC transaction**

40. Upon information and belief, on or about December 19, 2018 (while the sham stock sale was still pending), and utilizing the fraudulent representation that Defendant MOHAMMED was the President/CEO of Plaintiff BOWCON when he in fact was not, Defendant MOHAMMED entered into an agreement of an unknown type with Funderz Net LLC ("Funderz"). Plaintiff BOWCON has not yet obtained a copy of any agreement between Funderz and MOHAMMED.

41. On or about December 27, 2018, and in furtherance of the transaction, Funderz Net LLC transferred to Plaintiff BOWCON the amount of $160,000 via wire transfer.

**The WESTWOOD transaction**

42. On or about December 26, 2018 (while the sham stock sale was still pending), and utilizing the fraudulent representation that Defendant MOHAMMED was the President/CEO of Plaintiff BOWCON when he in fact was not, Defendant MOHAMMED entered into a Secured Merchant Agreement to sell the accounts receivable of Plaintiff BOWCON to Defendant Westwood Funding ("Westwood"). (A copy of the Westwood Secured Merchant Agreement is attached hereto as **Exhibit I**.)

43. In connection with the sale of Plaintiff BOWCON's accounts receivable to Defendant Westwood, on or about December 26, 2018, Defendant MOHAMMED executed an Affidavit of Confession of Judgment apparently as security for the underlying agreement between Defendant Mohammed and Westwood. (A copy of the Affidavit of Confession of Judgment with Westwood Funding is attached hereto and incorporated herein as **Exhibit J**.)

44. On or about December 26, 2018, Defendant MOHAMMED executed and transmitted the signed fraudulent Affidavit to WESTWOOD from California to New York via the wire services in violation of 18 U.S.C 1341.

45. According to the December 26, 2018 Affidavit, Westwood Funding purchased the accounts receivable of Plaintiff BOWCON in exchange for a cash payment of $298,000. (See Exhibit J)

46. The Affidavit further describes that Plaintiff BOWCON was to make monthly payments to Westwood Funding in the amount of $6,622.22. (See Exhibit J)

47. Unlike other fraudulent transactions described herein, Westwood did not transfer money to BOWCON's primary account. Instead, upon information and belief, Westwood transferred the money to an unknown account under the control, and at the direction, of Defendant MOHAMMED for the benefit of himself personally or one of the entities controlled by him.

**Uncovering of the scheme**

48. In the weeks prior to December 27, 2018, Defendant MOHAMMED had been pressuring Dennis Bowman and Kelli Bowman (the "Bowmans"), the principals of Plaintiff BOWCON, for them to grant Defendant MOHAMMED access to BOWCON's bank accounts and to make him signatory on the accounts. The Bowmans refused to do so.

49. On or about December 27, 2018, Defendant MOHAMMED's Second Deposit Check for $490,000 bounced.

50. On or about December 27, 2018 Plaintiff BOWCON also discovered that $445,000 in mysterious deposits had been made into their bank account from BizFund, Kalamata, and Funderz without authorization.

51. On or about December 27, at the offices of BOWCON, the Bowman's confront Defendant MOHAMMED about the mysterious $445,000 in BOWCON's account.

52. At that time, Defendant MOHAMMED told the Bowmans that the money had been secured by him as additional operating capital for BOWCON following the future anticipated close of the SPA transaction.

53. Defendant MOHAMMED then requested that Plaintiff BOWCON return the money that was deposited with BOWCON via cashier's checks made payable to "Sandra H Aultman" and "JP Investments." Plaintiff BOWCON complies with the request and issues the cashier's checks. (Copies of the Cashier's checks are attached as **Exhibit K**.)

**Judgments entered by Kalamata and Westwood**

54. Following apparent breach of their agreement by Defendant MOHAMMED, on or about February 12, 2019, Kalamata obtained a "Judgment of Confession" entered in the Supreme Court of the State of New York, County of Ontario in the total amount of $320,481.43 (the "Kalamata Judgment"). (A copy of the Kalamata Judgment is attached hereto and incorporated herein as **Exhibit L.**)

55. On or about July 5, 2019, Kalamata caused the Kalamata Judgment to be registered with the Supreme Court of the State of California, County of San Diego. (A copy of the Notice of Sister State Judgment is attached hereto and incorporated herein as **Exhibit M**.)

56. Following apparent breach by Defendant MOHAMMED, on or about August 1, 2019, Westwood obtained a "Judgment (Confessed)" entered in the Supreme Court of the State of New York, County of Westchester in the total amount of $306,933.35 (the "Westwood Judgment"). A copy of the Westwood Judgment is attached hereto and incorporated herein as **Exhibit N.**)

57. On or about August 29, 2019, Westwood caused the Westwood Judgment to be registered with the District Court for Harris County Texas. (A copy of the Notice of Filing of Foreign Judgment is attached hereto and incorporated herein as **Exhibit P**.)

58. The total judgments against Plaintiff BOWCON by Kalamata and Westwood is $627,414.78 as of the date of this Complaint.

### COUNT I – Civil RICO § 1962(c)

59. The allegations of paragraphs 1 -58 are incorporated herein by reference.

60. Bowcon Company, Inc. is an enterprise engaged in and whose activities affect interstate commerce.

61. Defendant MOHAMMED conducted and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff as set forth herein.

62. Pursuant to and in furtherance of their fraudulent scheme, Defendant MOHAMMED committed multiple related acts of racketeering activity as set forth herein.

63. The racketeering activity set forth herein constitutes a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5).

64. Defendant MOHAMMED has directly and indirectly conducted and participated in the conduct of the enterprises' affairs through a pattern of racketeering and activity described herein, in violation of 18 U.S.C §1962(c)

**WHEREFORE**, Plaintiff BOWCON COMPANY, INC. Plaintiff BOWCON COMPANY, INC. requests that this Court:

    a. Enter Judgment against ISMAIL MOHAMMED and in favor of BOWCON COMPANY, INC.;

b. Enter judgment for compensatory damages sustained by BOWCON COMPANY, INC. as a result of ISLAIL MOHAMMAD's conduct;

c. Enter judgment for treble damages;

d. Enter judgment for reasonable attorneys fees incurred by BOWCON COMPANY, INC.

e. For such other and further relief as this Court deems just and equitable.

### COUNT II – Civil RICO § 1962(b)

65. The allegations of paragraphs 1 -58 are incorporated herein by reference.

66. Bowcon is an enterprise engaged in and whose activities affect interstate commerce.

67. Defendant MOHAMMED acquired and maintained interests in and control of the enterprise through a pattern of racketeering activity as set forth herein

68. The racketeering activity set forth herein constitutes a pattern of racketeering activity pursuant to 18 U.S.C § 1961(5)

69. Defendant Mohammed has directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above in violation of 18 U.S.C. §1962(b).

70. As a direct and proximate result of Defendant Mohammed's racketeering activity and violations of 18 U.S.C. §1962(b), Plaintiff has been injured in their business and property.

**WHEREFORE**, Plaintiff BOWCON COMPANY, INC. Plaintiff BOWCON COMPANY, INC. requests that this Court:

a. Enter Judgment against ISMAIL MOHAMMED and in favor of BOWCON COMPANY, INC.;

b. Enter judgment for compensatory damages sustained by BOWCON COMPANY, INC. as a result of ISLAIL MOHAMMAD's conduct;

c. Enter judgment for treble damages;

d. Enter judgment for reasonable attorneys fees incurred by BOWCON COMPANY, INC.

e. For such other and further relief as this Court deems just and equitable.

### COUNT III – Common Law Fraud

71. The allegations of paragraphs 1 - 58 are incorporated herein by reference.

72. Defendant MOHAMMED knowingly made false representation as set forth herein, knowing them to be false at the time they were made.

73. In making and/or causing these false statements to be made these false representations, Defendant MOHAMMED intended to deceive Plaintiff BOWCON and intended that Plaintiff BOWCON would rely on these false statements to Plaintiff BOWCON's detriment.

74. Defendant MOHAMMED made these false representations with the intent and effect of inducing Plaintiff BOWCON to rely thereon in order to provide Defendant MOHAMMED with sensitive financial information belonging to Plaintiff BOWCON as set forth herein.

75. Plaintiff BOWCON reasonably and justifiably relied on these false representations by Defendant MOHAMMED to its detriment, including incurring damages resulting from Defendant MOHAMMED's use of certain sensitive information belonging to Plaintiff BOWCON so that Defendant MOHAMMED could take out loans for his own benefit - or for the benefit of other entities controlled by him - in the name of Plaintiff BOWCON that would not and could not have occurred if not for the misrepresentations.

**WHEREFORE**, Plaintiff BOWCON COMPANY, INC. requests that this Court:

a. Enter Judgment against ISMAIL MOHAMMED and in favor of BOWCON COMPANY, INC.;

b. Enter judgment for compensatory damages sustained by BOWCON COMPANY, INC. as a result of ISLAIL MOHAMMAD's fraud; and,

c. For such other and further relief as this Court deems just and equitable.

### COUNT IV – Unjust Enrichment v. MOHAMMED

76. The allegations of paragraphs 1 - 75 are incorporated herein by reference.

77. By reasons of the fraudulent conduct by Defendant Mohammed as set forth herein, Defendant MOHAMMED has unjustly retained a benefit.

78. The benefit unjustly retained by Defendant MOHAMMED resulted in a detriment to Plaintiff BOWCON.

79. There is no justification for Defendant MOHAMMED to retain the benefit received via the transaction set forth herein given his fraudulent conduct.

80. Any benefit unjustly retained by Defendant MOHAMMED to the detriment of Plaintiff BOWCON violates fundamental principles of justice, equity, and good conscience.

81. Plaintiff BOWCON is entitled to restitution from Defendant MOHAMMED under applicable law in an amount by which Defendant Mohammed has been unjustly enriched.

**WHEREFORE**, Plaintiff BOWCON COMPANY, INC. requests that this Court:

a. Enter Judgment against ISMAIL MOHAMMED and in favor of BOWCON COMPANY, INC.;

b. Enter judgment in an amount by which ISMAIL MOHAMMED has been unjustly enriched; and,

    c. For such other and further relief as this Court deems just and equitable

## COUNT V – Unjust Enrichment v.
## AXIS CAR WASH LLC and AXIS AUTO SPA & PATEL TRADING, INC.

82. The allegations of paragraphs 1 - 81 are incorporated herein by reference.

83. By reasons of the fraudulent conduct by Defendant Mohammed as set forth herein, Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. unjustly retained a benefit.

84. The benefit unjustly retained by Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. resulted in a detriment to Plaintiff BOWCON.

85. There is no justification for Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. to keep the monies received via the Kalamata transaction given the aforementioned fraudulent conduct.

86. Any benefit unjustly retained by Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. to the detriment of Plaintiff BOWCON violates fundamental principles of justice, equity, and good conscience.

87. Plaintiff BOWCON is entitled to restitution from Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. under applicable law in an amount by which Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. have been unjustly enriched.

**WHEREFORE**, Plaintiff BOWCON COMPANY, INC. requests that this Court:

    a. Enter Judgment against Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. and in favor of BOWCON COMPANY, INC.;

  b. Enter judgment in an amount by which Defendant AXIS CAR WASH LLC and Defendant AXIS AUTO SPA & PATEL TRADING, INC. and in favor of BOWCON COMPANY, INC has been unjustly enriched; and,

  c. For such other and further relief as this Court deems just and equitable

## JURY DEMAND

Plaintiff demand a Jury Trial.

Dated: November 27, 2019      Respectfully submitted,

               **BOWCON COMPANY, INC.**

               By: /s/ *Craig E. Donnelly*
                  Attorney for Plaintiff

Craig E. Donnelly (ARDC: 6282771)
**DONNELLY LAW LLC**
1100 Jorie Blvd, Suite 255
Oak Brook, Illinois 60523
T - (630) 601-7170
CED@DonnellyLawLLC.com